Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Howard S. Han (SBN 243406)
hhan@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>G STAGE LOVE.COM, INC., a California Corporation; 2 HEARTS, INC., a California Corporation; TOUCH ME FASHION, INC., a California Corporation; B ENVIED CLOTHING, L.L.C., a Georgia Limited Liability Company; LA MODA XVII, INC., a California Corporation; MELISSA BLEU, a Business Entity of Unknown Form; MODISH.E, a Business Entity of Unknown Form; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

Star Fabrics, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff STAR FABRICS, INC. is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1440 East Walnut Street, Los Angeles, California 90011.

5. Plaintiff is informed and believes and thereon alleges that Defendant G STAGE LOVE.COM, INC. ("G STAGE") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 969 East 10th Street, Los Angeles, California 90021.

6. Plaintiff is informed and believes and thereon alleges that Defendant B ENVIED CLOTHING, L.L.C. ("B ENVIED") is a limited liability company organized and existing under the laws of the State of Georgia, with its principal place of business located at PO Box 566564, Atlanta, Georgia 31156, and is doing business in and with the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant LA MODA XVII, INC. ("LA MODA") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 14417 Ramona Boulevard #B12, Baldwin Park, California 91706.

8. Plaintiff is informed and believes and thereon alleges that Defendant MELISSA BLEU ("MELISSA") is a business entity of unknown form organized and existing under the laws of the State of California, with its principal place of business located at 2800 North Main Street #284, Santa Ana, California 92705.

9. Plaintiff is informed and believes and thereon alleges that Defendant MODISH.E is a business entity of unknown form organized and existing under the laws of the State of California, with its principal place of business located at 14006 Riverside Drive #201, Sherman Oaks, California 91423.

10. Plaintiff is informed and believes and thereon alleges that Defendant TOUCH ME FASHION, INC., individually and doing business as "TEEN BELL" (collectively "TEEN BELL"), is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 2140 West Olympic Boulevard #201, Los Angeles, California 90006.

11. Plaintiff is informed and believes and thereon alleges that Defendant 2 HEARTS, INC. ("2 HEARTS") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1015 Crocker Street, Suite R-36, Los Angeles, California 90021.

12. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

13. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director,

manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## **CLAIMS RELATED TO DESIGN NO. 62194**

14. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 62194 ("Subject Design A") which has been registered with the United States Copyright Office.

15. Prior to the acts complained of herein, Plaintiff widely disseminated fabric bearing Subject Design A to numerous parties in the fashion and apparel industries.

16. Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design A, G STAGE, B ENVIED, LA MODA, MELISSA, MODISH.E, DOE Defendants, and each of them distributed and/or sold fabric and/or garments featuring a design which is substantially similar to Subject Design A (hereinafter "Subject Product A") without Plaintiff's authorization, including but not limited to products sold by:

    a. G STAGE under SKU 106230741 and bearing the label "B_envied" and Style No. PJ 1198W1, indicating it was manufactured by or for B ENVIED;

    b. LA MODA under SKU 1409250015 and bearing the label "B_envied" and Style No. PJ 1198W1, indicating it was manufactured by or for B ENVIED;

    c. MELISSA under SKU or Item No. 1431198413 and bearing the label "B_envied" and Style No. PJ 1198W1, indicating it was manufactured by or for B ENVIED;

    d. MODISH.E under SKU 110004400091 and bearing the label "B_envied" and Style No. PJ 1198W1, indicating it was manufactured by or for B ENVIED.

17. Representative portions of Subject Design A and Subject Product A are set forth hereinbelow:

**Subject Design A**       **Subject Product A**



## CLAIMS RELATED TO DESIGN NO. 68088

18. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 68088 ("Subject Design B") which has been registered with the United States Copyright Office.

19. Prior to the acts complained of herein, Plaintiff widely disseminated fabric bearing Subject Design B to numerous parties in the fashion and apparel industries.

20. Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design B, G STAGE, TEEN BELL, 2 HEARTS, Defendants, and each of them, manufactured, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to

Subject Design B (hereinafter "Subject Product B") without Plaintiff's authorization, including but not limited to products sold by:

    a. G STAGE under SKU 106464151 and bearing the label "teenbell" and RN 135668, indicating that it was manufactured by or for TEEN BELL;

    b. G STAGE under SKU 95795192 and bearing the label "2 hearts" and Style No. D2132, indicating that it was manufactured by or for 2 HEARTS.

21. Representative portions of Subject Design B and Subject Product B are set forth hereinbelow:

**Subject Design B**       **Subject Product B**



## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

22. Plaintiff repeats, realleges and incorporates herein by reference as though

6
COMPLAINT

fully set forth the allegations contained in the preceding paragraphs of this Complaint.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Designs A and B (collectively, "Subject Designs"), including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing Subject Designs.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from Subject Designs and by producing, distributing and/or selling Subject Products.

25. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

26. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of Subject Designs in an amount to be established at trial.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in Subject Designs;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: October 13, 2016         DONIGER/BURROUGHS

                                By:   /s/ Stephen M. Doniger
                                      Stephen M. Doniger, Esq.
                                      Howard S. Han, Esq.
                                      Attorneys for Plaintiff